**quinn emanuel** trial lawyers | salt lake city

2755 E. Cottonwood Parkway, Suite 430, Salt Lake City, Utah 84121 | TEL (801) 515-7300 FAX (801) 515-7400

WRITER'S DIRECT DIAL NO.
**(801) 515-7333**

WRITER'S EMAIL ADDRESS
**dennishranitzky@quinnemanuel.com**

March 7, 2025

**VIA CM/ECF**

Honorable Dale E. Ho
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Iraq Telecom Limited v. Sirwan Saber Mustafa, et al.* (1:25-mc-00077-DEH) —
Letter Motion for Leave to Serve Defendants by DHL Mail Service

Dear Judge Ho,

  We are counsel for Plaintiff Iraq Telecom Limited in the above-referenced action against Defendants Sirwan Saber Mustafa ("**Barzani**"), Korek Telecom Company LLC ("**Korek**"), and Korek International (Management) Limited ("**CS Ltd.**," and collectively, "**Defendants**"). Iraq Telecom intends to serve post-judgment discovery and enforcement processes pursuant to Federal Rule of Civil Procedure ("**FRCP**") 64 and CPLR Article 52 on persons and entities based in this District or otherwise subject to this Court's jurisdiction. The relevant rules require that certain post-judgment enforcement documents addressed to Defendants be served upon them and copies of such documents addressed to third parties also be served on Mr. Barzani. *See, e.g.*, CPLR 5222(d) (requiring notice to a natural person judgment debtor of a restraining notice upon a third party). But Defendants are located abroad, and their attorneys from the Eastern District of Pennsylvania action (where the judgment in this case originates), who applied to but have not been permitted to withdraw, have refused service for all such post-judgment filings in this case. *See* Ex. 1. In the interest of avoiding unnecessary motion practice regarding purported lack of notice, Iraq Telecom respectfully moves pursuant to FRCP 5(b)(1) for this Court to issue an order authorizing Iraq Telecom to effect service of any post-judgment submissions, including but not limited to submissions addressed to third-parties that require notice to Defendants, on Defendants by DHL delivery to their respective addresses with return receipt requested.

**Background**

  In this proceeding, Iraq Telecom has registered a judgment issued by the U.S. District Court for the Eastern District of Pennsylvania confirming a foreign arbitral award under 9 U.S.C. § 207. ECF No. 1. The case in which Iraq Telecom brought this motion, No. 2:19-mc-00175-RBS (the

"**EDPA Action**"), was initially a miscellaneous action that Iraq Telecom brought pursuant to 28 U.S.C. § 1782 to obtain discovery in aid of a foreign arbitration. Defendants intervened in that action to request access to the same discovery. *See* Ex. 2 (memorandum and order granting intervention). On March 20, 2023, the arbitral tribunal, relying in part on the discovery obtained in the EDPA Action, issued its final award against Defendants. On July 3, 2023, Iraq Telecom moved to confirm the arbitral award in the EDPA Action. *See* 9 U.S.C. § 6 (applications to confirm arbitral awards "shall be made and heard in the manner provided by law for the making and hearing of motions"). Defendants did not timely respond, but instead, on September 22, 2023— approximately a month after Iraq Telecom requested that the court enter a default judgment— counsel for Defendants moved to withdraw as attorneys. *See* Ex. 3. This was a plain and obvious attempt to oppose confirmation after the time for opposing Iraq Telecom's motion to confirm had expired: Defendants used their motion to argue that the Court lacked both subject matter jurisdiction to enter the award and, despite their voluntary intervention, personal jurisdiction over them. *See* Ex. 4, at 5–11. The court rejected Defendants' arguments against confirmation, and issued a judgment confirming the award. *See* Exs. 5 (memorandum), 6 (order). The court in the EDPA action, however, has not addressed Defendants' counsel's motion to withdraw.

On February 27, 2025, Iraq Telecom registered the judgment in this Court. That same day, counsel for Iraq Telecom wrote to counsel for Defendants in the EDPA Action, requesting confirmation that they would accept service of papers filed or issued in this Court, given that their motion to withdraw was still pending. *See* Ex. 1. This email was sent as a courtesy: 28 U.S.C. § 1963 does not require service of judgments after they are registered. Counsel for Defendants responded: "We will not accept service. We have moved to withdraw in the discovery proceeding, and never agreed to be counsel in the arbitration recognition proceeding." *Id.*

**Argument**

"Service of [] post-judgment motions" and papers is governed by FRCP 5. *Harrison v. Republic of Sudan*, 802 F.3d 399, 406 (2d Cir. 2015), *adhered to on denial of reh'g*, 838 F.3d 86 (2d Cir. 2016), *and rev'd and remanded on other grounds*, 587 U.S. 1 (2019); *see, e.g.*, *First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 256 (S.D.N.Y. 2000) (When post-judgment "discovery is sought from a party represented by an attorney, service may proceed either under Rule 5(b) of the Federal Rules of Civil Procedure or under the rules of service established in the relevant state."), *aff'd*, 281 F.3d 48 (2d Cir. 2002). Under FRCP 5, "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." FRCP 5(b)(1). And service on a party may be made by, among other things, "mailing it to the person's last known address—in which event service is complete upon mailing." FRCP 5(b)(2)(C). "No service is required on a party who is in default for failing to appear." FRCP 5(a)(2).

Iraq Telecom seeks leave from the Court pursuant to FRCP 5(b)(1) and (2) to serve Defendants with post-judgment enforcement processes, and, where needed, notice of such processes to third parties, by mail. The judgment and all relevant papers in the EDPA Action were properly served on Defendants' counsel via CM/ECF, notwithstanding the motion to withdraw as counsel, because "each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Irwin v. Dep't of*

2

*Veterans Affs.*, 498 U.S. 89, 92 (1990) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)); *see, e.g.*, *Branch v. United States*, 2017 WL 5973403, at *2 (E.D.N.C. Dec. 1, 2017) ("Here, the clerk complied with Rule 77(d)(1) when he served notice via CM/ECF of the order and judgment on the attorney representing Branch. *See* FRCP 5(b)(1). Branch received the notice to which he was entitled when notice was served on his attorney."). But Defendants' counsel has refused to accept service of documents filed in this post-judgment action, notwithstanding the fact that their motion to withdraw in the EDPA Action is still pending. There is a substantial argument that, as a result, service on Defendants' counsel in the EDPA Action suffices, *see, e.g.*, *Guam Econ. Dev. Auth. v. Ulloa*, 841 F.2d 990, 993 (9th Cir. 1988) ("notice served upon a party's attorney of record is adequate" even after judgment has entered), or, alternatively, that no service on Defendants is required because they are in default under FRCP 5(a)(2). But serving copies of post-judgment papers on attorneys who have disclaimed any attorney-client relationship with Defendants, or failure to serve them altogether, could result in unnecessary motion practice. In the interest of mooting such issues, Iraq Telecom seeks leave for this Court to serve Defendants by mail pursuant to FRCP 5(b)(2)(C). *See, e.g.*, 4B Wright & Miller, Fed. Prac. & Proc. Civ. § 1145 (4th ed.) ("[S]ervice on a party is valid—indeed it is obligatory—if that party does not have an attorney or if the attorney has ceased to represent the party. . . . The second exception permits service on the party at the express direction of the district court.").

FRCP 5(b)(2)(C) does not require a showing that service complies with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial documents in Civil and Commercial Matters (the "**Hague Convention**"). Though FRCP 4(f) contains provisions requiring compliance with international agreements when serving the complaint and summons, "once Plaintiffs serve the original Complaint, pursuant to [FRCP] 5, service of subsequent pleadings need not be accomplished through the Hague Convention." *Topping v. Deloitte Touche Tohmatsu CPA Ltd.*, 2014 WL 13118091, at *5 (S.D.N.Y. Oct. 3, 2014). That said, although no such showing is necessary, service by mail on Defendants' last known address would ***not*** violate the Hague Convention or any other international agreement:

- Two Defendants (Mr. Barzani and Korek) reside in or are based in Iraq, which is not a party to the Hague Convention. *See Status table*, Hague Conference on Private International Law, https://perma.cc/6VZW-E7RA (listing signatories); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 n.4 (9th Cir. 2002) (Hague Convention does not apply when country is not a signatory).

- CS Ltd. is a company incorporated, and with its registered office address, in the Cayman Islands. As a British Overseas Territory, the Cayman Islands is a signatory to the Hague Convention. Service by mail is permissible under the Convention "as long as the receiving state does not object." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017). "The United Kingdom has not objected to the provisions of the Hague Convention that permit service by mail . . . ." *Thomas & Thomas Rodmakers, Inc. v. Sharpe's, Inc.*, 2007 WL 1057382, at *4 (S.D. Ohio Apr. 5, 2007).

\*   \*   \*

For all these reasons, Iraq Telecom respectfully seeks leave pursuant to Federal Rule of Civil Procedure 5(b)(1)-(2) to serve Defendants by mail at their last known address.

Respectfully submitted,

Dennis H. Hranitzky

Application GRANTED. Substantially for the reasons set forth above, pursuant to Rule 5(b)(1)-(2), Plaintiff may serve Defendants by mail at their last known address. Plaintiff shall file proof of service on the docket within two business days of effecting service.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: March 10, 2025
New York, New York