**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IRAQ TELECOM LIMITED

        *Plaintiff*,

      v.

SIRWAN SABER MUSTAFA,
KOREK TELECOM COMPANY LLC, *and*
KOREK INTERNATIONAL (MANAGEMENT)
LIMITED,

        *Defendants*.

Civil Action No.: 1:25-mc-00077

PROTECTIVE AGREEMENT AND
ORDER

---

WHEREAS, Plaintiff Iraq Telecom Limited ("Plaintiff") served a subpoena duces tecum on non-party T-Mobile USA, Inc. ("T-Mobile") in this action (the "Action"); and

WHEREAS, the Subpoena calls for the production of documents in T-Mobile's possession containing information that includes confidential information; and

WHEREAS, compliance with the Subpoena will take place in New York;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and T-Mobile, by and through their respective undersigned counsel, as follows:

1.      This Protective Agreement and Order applies to "Confidential Information," as defined below, produced or otherwise disclosed by T-Mobile to Plaintiff in response to the Subpoena and to any future subpoena that Plaintiff may serve on T-Mobile in connection with the Action.

2.      The term "Confidential Information" as used in this Protective Agreement and Order means any record, spreadsheet, or other document produced by T-Mobile in response to the Subpoena that T-Mobile, after reviewing such record, spreadsheet or other document,

reasonably and in good faith believes constitutes or reveals: (i) confidential trade secrets, proprietary or sensitive business information, non-public personal, client, or customer information concerning individuals or other entities or items; or (ii) information protected from disclosure by any relevant federal, state or foreign data-protection laws. "Confidential Information" as used in this Protective Agreement and Order shall not include information derived exclusively from any public source, regardless of whether such information is duplicative of the information contained in the documents produced by T-Mobile. T-Mobile may designate any such record, spreadsheet, or other document for protection under the terms of this Protective Agreement and Order by affixing the term "CONFIDENTIAL" to each page that contains confidential material.

3.      If Plaintiff contends that materials designated by T-Mobile should not be deemed Confidential Information under this Protective Agreement and Order, it shall notify T-Mobile of its position within 14 days from the receipt of such designation. Upon T-Mobile's receipt of such notification, Plaintiff and T-Mobile shall meet and confer within seven days to attempt to resolve the dispute by agreement. If Plaintiff and T-Mobile are unable to resolve the dispute by agreement, they shall proceed under Rule 45 of the Federal Rules of Civil Procedure.

4.      Plaintiff shall not use or disclose the Confidential Information for any purpose other than (i) in proceedings to enforce Plaintiff's Judgment, or any amendment thereto, registered on February 27, 2027 against Defendants Sirwan Saber Mustafa ("Barzani"), Korek Telecom Company LLC ("Korek"), and Korek International (Management) Limited ("CS Ltd.") in the Action (the "Judgment"); (ii) in garnishment, execution or similar proceedings that Plaintiff may commence in the future to enforce the Judgment; or (iii) in any appeals of the foregoing proceedings (collectively, the "Judgment Enforcement Proceedings").

5.     A party that files with the Court, or seeks to use at trial, materials designated as Confidential Information by T-Mobile, and who does not seek to have the record containing such information sealed, or redacted with respect to payment terms including but not limited to payment schedules and payment amounts, term sheets, service rates, account information including but not limited to account numbers and account names, personally identifiable information ("PII"), confidential trade secrets, proprietary or sensitive business information, non-public personal, client, or customer information concerning individuals or other entities or items, and any information protected from disclosure by any relevant federal, state or foreign data-protection laws, shall, at least ten business days prior to the filing or use of the Confidential Information, give notice to T-Mobile of the party's intention to file or use the Confidential Information, including specific identification of the Confidential Information. T-Mobile may then file a motion to seal.

6.     Documents produced by T-Mobile and designated Confidential Information may be filed with the Court in connection with any application, motion, hearing, trial or other proceeding in any Judgment Enforcement Proceeding, but only on the condition that confidential identifying information – *i.e.* account numbers, codes, social security numbers, taxpayer identification numbers, employer identification numbers, passwords and information that may be used for identity theft – be redacted from such documents, before they are filed, to the extent such information is not necessary to advance the purpose or objective of the filing.  To the extent Plaintiff intends publicly to file Confidential Information without redacting confidential identifying information, contending that such confidential identifying information is relevant or necessary, Plaintiff shall contact T-Mobile's counsel and provide T-Mobile forty-eight hours to review the document(s) before

the Confidential Information is filed.  If T-Mobile notifies Plaintiff's counsel of a dispute under this paragraph within that forty-eight hour period, T-Mobile shall have the right to apply to the Court, within five business days and before the Confidential Information is filed, for an order sealing or barring the public filing of the Confidential Information. Plaintiff shall not file the Confidential Information until after the Court has ruled on any such application. Plaintiff and T-Mobile agree to act in good faith to try to resolve any dispute under this paragraph without having to involve the Court.

7.     Nothing in this Confidentiality Agreement will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request will provide written notice to T-Mobile at least ten days before any disclosure or otherwise with as many days' notice as is permitted by the time allowed under the request. Upon receiving such notice, T-Mobile shall have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if T-Mobile deems it appropriate to do so.

8.     Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action and any Judgment Enforcement Proceedings:

    a.     Counsel who represent parties in the Action and Judgment Enforcement Proceedings, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Protective

Agreement and Order, but only after such counsel have agreed to be bound by this Protective Agreement and Order;

b.    Experts or consultants assisting counsel for those parties in the Action or any Judgment Enforcement Proceedings, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 9 below;

c.    Potential, anticipated and actual witnesses, and their counsel, in the Action or any Judgment Enforcement Proceedings, but only after such witnesses have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 9 below;

d.    The Court in the Action and the court in any Judgment Enforcement Proceedings; and

e.    Court reporters employed in connection with the Action or any Judgment Enforcement Proceedings.

9.    Before counsel may show or disclose Confidential Information pursuant to Section 8 to any witness, expert or consultant, that witness, expert or consultant shall be provided a copy of this Protective Agreement and Order and must sign the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order.  Any disclosure of Confidential Information to witnesses, experts or consultants pursuant to Section 8 must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action or any Judgment Enforcement Proceedings.

10.    The inadvertent disclosure by T-Mobile of any document or information subject to a claim of attorney-client privilege, attorney work-product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a

waiver of such claim, and T-Mobile shall have the right to have the document or information returned to its counsel.  Nor shall this Protective Agreement and Order be construed as requiring T-Mobile, or its parent company or any of its branches or subsidiaries, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction.  The inadvertent disclosure in violation of any such law shall not be considered a waiver of T-Mobile right to assert the privilege or other ground on which the document(s) or information in question should not have been disclosed, or of its right to a return of the document(s) or information.

11.    If T-Mobile through inadvertence produces or reveals any Confidential Information without designating it as such, T-Mobile may give written notice to the receiving entity that the document or information produced is Confidential Information and should be treated as such in accordance with this Protective Agreement and Order. The receiving entity must treat such documents and information as Confidential Information in accordance with this Protective Agreement and Order from the date such notice is received. T-Mobile shall provide the receiving entity with another copy of the documents or information that bear the new designation, and such document or information shall thereafter be treated as Confidential Information subject to this Protective Agreement and Order. Upon receipt of the copy of the documents or information that bear the new designation, the receiving entity shall destroy or return all copies of the originally produced documents and information and shall make a good faith effort to immediately retrieve any such documents and information disclosed to any entities not authorized to receive the documents or information and to obtain agreement from such entities to be bound by this Protective Agreement and Order, and the receiving entity shall notify T-Mobile of the disclosure and the identity of the entity to which the disclosure was made. The disclosure of a document or

information without designating it as Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information.

12.     The obligations under this Protective Agreement and Order shall survive the termination of the Action and of any Judgment Enforcement Proceedings and shall continue to bind Plaintiff, T-Mobile, and the parties to whom Confidential Information is disclosed and who become bound by this Protective Agreement and Order.

13.     This Protective Agreement and Order shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York without giving effect to New York's conflict-of-law principles.  Any motion or proceeding related in any way to this Protective Agreement and Order, or to any dispute as to T-Mobile's compliance with the Subpoena, shall be brought in the United States District Court for the Southern District of New York.  The parties hereby irrevocably and unconditionally waive the right to contest personal jurisdiction or venue in the Southern District of New York

14.     Upon execution by the parties' respective counsel, and before being so-ordered by the Court, this Protective Agreement and Order shall be binding upon the parties and shall be deemed to have the same effect as a court order.

15.     The parties may sign this Protective Agreement and Order digitally, and email copies of signatures shall have the same force and effect as original signatures.

16.     T-Mobile's entry into this Protective Agreement and Order shall not be deemed a waiver of any of its objections or defenses to the Subpoena or to any subsequent subpoena that Plaintiff may serve on T-Mobile in the Action or in any Judgment Enforcement Proceedings.

DATED: October 9, 2025
New York, New York

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: /s/ Gregg Badichek
    Gregg Badichek (Bar No. 90011157)
    1300 I Street, NW, Suite 900
    Washington, DC 20005
    202-538-8000 Main Office Number
    202-538-8100 FAX

    Dennis H. Hranitzky (Bar No. NY0117)
    2755 E. Cottonwood Parkway, Suite 430
    Salt Lake City, UT 84121
    801-505-7300 Main Office Number
    801-515-7400 FAX

    Kristin Tahler
    865 S. Figueroa St., 10th Floor
    Los Angeles, California 90017
    213-443-3000 Main Office Number
    213-443-3100 FAX

    Alex H. Loomis (pro hac vice pending)
    111 Huntington Ave, Suite 520
    Boston, MA 02199
    617-712-7100 Main Office Number
    617-712-7200 FAX

*Counsel for Plaintiff Iraq Telecom Limited*

HILGERS GRABEN LLP

By: /s/      *Peter Bigelow*
    Peter Bigelow
    624 Mid-Florida Drive, Suite 4
    Lakeland, FL 33813
    (813) 535-9914 Main Office Number

    *Counsel for Non-Party T-Mobile USA, Inc.*

SO ORDERED

Dated: October 16, 2025
        New York, New York

DALE E. HO
United States District Judge

8

<u>EXHIBIT A</u>

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I have been informed that on or about _____, 2025, the United States District Court for the Southern District of New York entered a Protective Agreement and Order (the "Protective Agreement and Order") in the litigation entitled *Iraq Telecom Limited v. Sirwan Saber Mustafa*, Case No. 1:25-mc-00077 (S.D.N.Y.). I have read the Protective Agreement and Order and agree to abide by its obligations as they apply to me. I will hold in confidence, and not disclose to anyone not qualified under the Protective Agreement and Order, any Confidential Information, as defined in the Protective Agreement and Order, or any words, summaries, abstracts or indices of the Confidential Information disclosed to me. I voluntarily submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of any proceeding related to the Protective Agreement and Order, including my receipt or review of information that has been designated as "Confidential Information." The undersigned acknowledges that his or her duties under the Protective Agreement and Order shall survive the termination of this case and are permanently binding, and that the failure to comply with the terms of the Protective Agreement and Order may result in a court's imposition of sanctions.

Date: _____

Printed name: _____

Signature: _____